IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                              CRIMINAL NO. 1:02cr85WJG-1
                                    CIVIL ACTION NO. 1:09cv804WJG

ULVIN J. CUEVAS, JR.

O R D E R

THIS CAUSE comes before the Court on the motion [114] of the Petitioner, Ulvin J. Cuevas, Jr., to vacate [114], set aside or correct his sentence under 28 U.S.C. § 2255. Cuevas pleaded guilty to Counts 3, 4, and 5 of the indictment, on April 7, 2003. (Ct. R., Doc. 65.) He was sentenced on August 6, 2003, and the judgment in this case was entered on October 6, 2003. (Ct. R., Doc. 78.) On December 11, 2009, Cuevas filed the instant motion before the Court. (Ct. R., Doc. 114.)

Timeliness of the Petition

The Petition before the Court was filed under 28 U.S.C. § 2255, which provides in part that:

> A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date of which the judgment of conviction became final.

When a petitioner fails to file a petition for *certiorari*, the one-year period begins "when the time expires for filing a petition for *certiorari* contesting the appellate court's affirmation of the

conviction." *United States v. Clay*, 537 U.S. 522, 525 (2003). In the present case, Cuevas did not take appeal action until he first filed his notice of intent to appeal on August 29, 2007. (Ct. R., Doc. 86.) This Court granted the order on September 12, 2007, allowing Cuevas to appeal the final judgment. (Ct. R., Doc 88.) The Court of Appeals for the Fifth Circuit dismissed the appeal on March 2, 2009. (Ct. R., Doc 107.) The expiration period for filing a petition of *certiorari* contesting the appeal expired on June 2, 2009, leaving Cuevas until approximately June 2, 2010, to file a 28 U.S.C. § 2255 motion. Cuevas filed his motion to vacate, set aside, or correct his sentence on December 11, 2009, making it timely for review. Considering the evidence put forth, the Court will move forward in addressing the merits of his claims.

I.  Ineffective Assistance of Counsel

The United States' motion to dismiss the current petition alleges that Cuevas has waived his right to seek section 2255 relief under the conditions of his plea agreement. During his plea hearing, Cuevas agreed to waive all non-jurisdictional defects "including claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States. v. Glimpsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 531 U.S. 919 (2000). As Cuevas alleges that ineffective assistance of counsel led to his plea which was both involuntary and without knowledge, the Court will examine the record to determine whether his contentions are supported by the evidence.

The United States Supreme Court has consistently interpreted the Constitution as providing that the "right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). Counsel's performance, however, is typically accorded "great deference, 'strongly presuming that counsel has exercised reasonable

professional judgment.'" *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996) (citing *Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986). The Supreme Court, in *Strickland v. Washington*, 466 U.S. 668 (1984), established the test for examining whether assistance of counsel departs from the level of effectiveness that is Constitutionally guaranteed. To establish a successful claim of ineffective counsel, the Supreme Court required that a defendant must first present evidence "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687. Second, a defendant must demonstrate that the "deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive defendant of a fair trial." *Id.* If a defendant fails to demonstrate that both of these factors were present, a court may not conclude that there was "a breakdown in the adversary process that renders the result unreliable." *Id.*

II.   <u>Ineffective Assistance at Rule 11 Hearing</u>

Cuevas claims that the ineffective assistance of his counsel, Michael W. Crosby, at his Rule 11 hearing resulted in a guilty plea that was neither voluntary nor intelligent, and therefore, did not result in a waiver of his right to appeal. (Ct. R., Doc 114.) He asserts that the statements during his guilty plea which indicated a lack of coercion or threats were made untruthfully as a result of Crosby's alleged misconduct. (Ct. R., Doc 115, p. 8.) These claims stem from alleged misrepresentations made by Crosby regarding applicable sentencing guidelines. Cuevas alleges that he relied solely on Crosby's representations that a plea of guilty would result in a sentence within the range of three to five years. (*Id.*, pp.8–9.)

The record, however, indicates that Cuevas was sufficiently aware of the nature of the

charges, and was informed of the entire range of lawful sentences to which he might be subjected. During the proceedings, the Court instructed Cuevas that if found guilty, he would face "not less than five years or more than forty years imprisonment." (Ct. R., Doc 100, p. 14.) The Court explained to Cuevas that it was not required "to follow any government recommendation and that [the Court] can sentence you up to any sentence up to and including the maximum . . . already explained to you. And as long as it is a legal sentence you have waived your right to appeal it." (*Id*, p. 20.) When the Court questioned Cuevas regarding these specific terms, he responded that he understood them. (*Id*, pp. 15, 20.) As the Court properly addressed Cuevas and confirmed his understanding of the plea, as well as the appeal waiver terms, the provisions were given the required "special attention of the district court." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992), *cert. denied*, 508 U.S. 956 (1993).

Should counsel's performance concerning the applicable sentencing guidelines be deficient, Cuevas must still show that he was prejudiced by the performance. The Supreme Court has interpreted this as requiring a showing "that there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Relief may not be granted when the alleged ineffective counsel "does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockart v. Fretwell*, 506 U.S. 364,372 (1993).

Cuevas has merely alleged that "there is a very reasonable probability he would have proceeded to trial in this case." (Ct. R., Doc 115, p. 11.) Beyond this conclusional statement, Cuevas has provided no evidence to support a finding that "affirmatively prove[s] prejudice." *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). A reviewing court "need not grant an

evidentiary hearing on a claim of ineffective assistance of counsel 'when a petitioner fails to allege facts which, if proved, would entitle the petitioner to relief.'" *Mangum v. Hargett*, 67 F.3d 80, 83–4 (5th Cir. 1995) (citing *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995)). The Court finds that there was sufficient evidence supporting his plea of guilty as both knowing and voluntary. The Court, therefore, concludes that Cuevas's waiver of appeal was valid, and finds the claims in Ground One and Ground Two of the *habeas* petition to be without merit.

III.   Ineffective Assistance of Counsel During Appeal Process

Cuevas asserts that following sentencing Crosby advised him that the sentencing enhancements were unconstitutional as applied. Crosby allegedly informed Cuevas that an appeal in the Fifth Circuit was pending, although Crosby never filed a notice of appeal, an appeal, or an *Anders* brief.[1] Upon corresponding with the Fifth Circuit Clerk's office, Cuevas learned that no appeal had been filed on his behalf. Crosby allegedly told Cuevas that he did not file an appeal in anticipation of the United States filing a motion for reduction of sentence. (Ct. R., Doc 117-2, p. 1.)

Cuevas filed a *pro se* Motion for Leave to Appeal with this Court on August 6, 2007, which was granted on September 12, 2007. (Ct. R., Docs. 86, 88.) Present counsel, J. Charles Wilson, was retained by Cuevas for appeal to the Fifth Circuit. The Fifth Circuit subsequently granted the United States' motion to dismiss Cuevas's direct appeal. Cuevas now requests a resentencing to allow a direct appeal of the initial sentence. (Ct. R., Doc. 115, p. 13.)

As stated above, this Court previously granted Cuevas the right to appeal his

---

[1] *Anders v. California*, 386 U.S. 738 (1967) (requiring appointed counsel to file a brief setting forth anything in the record that might sustain appeal before withdrawing from appellate counsel, when counsel finds appeal to be frivolous).

sentence to the Fifth Circuit. The Fifth Circuit dismissed his appeal following the United States' motion to dismiss, which specifically argued that Cuevas had waived his right to an appeal. (Ct. R., Doc.117 Exhibit B, p. 4–10.) As Cuevas has already received ample opportunity to appeal his conviction and sentencing to the Fifth Circuit, this Court finds Ground Three of the petition to be without merit. It is, therefore,

ORDERED AND ADJUDGED that Cuevas's motion [114] to vacate and set aside his previously imposed sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that this case be, and is hereby, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 30th day of August, 2010.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE